UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THE ESTATE OF DAVID SPURLING by ) | | |
| LYNN SPURLING, ADMINISTRATRIX ) | | |
| and LYNN SPURLING, Individually, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 3:03-CV-498 (LEAD CASE) | |
| ) | (Shirley) | |
| PROGRESSIVE INDUSTRIES, INC., ) | | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM OPINION

Third-party Defendant Activated Metals and Chemicals, Inc. ("Activated") moves for summary judgment as to the third-party claim brought against it by the Defendant/Third-Party Plaintiff Progressive Industries, Inc. ("Progressive"). [Doc. 55].

## INTRODUCTION

The basic facts are undisputed. These consolidated lawsuits arise from an explosion which occurred at Activated's place of business on August 19, 2002. As a result of the explosion, it is alleged that Plaintiff's decedent David Spurling was killed and that Plaintiff Dennis Cushman was injured. Both were Activated employees. The explosion involved a system used to crush alloy manufactured by Activated. Activated had purchased several components of this crushing system from Progressive. Plaintiffs instituted these product liability actions against Progressive, which then in turn filed a third-party complaint against Activated.

Progressive's third-party complaint is based upon an indemnity agreement contained in Progressive's Terms and Conditions of Sale. The indemnity agreement specifically provides as follows:

> Seller's total liability to Buyer shall in no case exceed the original purchase price of the equipment. Under no circumstances shall Seller or its suppliers or contractors at any time be liable for any consequential or incidental losses, damages, or expenses. Buyer shall release, indemnify and hold harmless Seller against any and all suits, actions, losses, damages, expenses, and liabilities, however caused, arising out of or in connection with injury (including death) to persons or damage to property.

In its motion for summary judgment, Activated moves to dismiss Progressive's third-party complaint, arguing that the subject indemnity provision is so broad and ambiguous that it cannot be enforced. [Doc. 55]. Progressive opposes Activated's motion, arguing that the indemnity agreement is clear and unambiguous and validly provides for indemnification. [Doc. 69].

## **STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Court indicated earlier, the essential facts are undisputed. Activated's motion for summary judgment presents a question of contract interpretation, which is a question of law for the Court. See Pitt v. Tyree Organization Ltd., 90 S.W.3d 244, 252 (Tenn. Ct. App. 2002), perm. app. denied Sept. 16, 2002. Because the construction of a written contract involves legal issues, a contract dispute is one that "is particularly suited to disposition by summary judgment." Id.

2

## ANALYSIS

The law in Tennessee with respect to indemnity agreements is well-settled. While a party may contract to be indemnified against its own acts of negligence, such contracts are strictly construed. See Kellogg Co. v. Sanitors, Inc., 496 S.W.2d 472, 474 (Tenn. 1973); Kroger Co. v. Giem, 215 Tenn. 459, 387 S.W.2d 620, 626 (1964). As the Tennessee Supreme Court stated in Kellogg:

> A contract of indemnity purporting or claimed to relieve one from the consequence of his failure to exercise ordinary care must be strictly construed. Accordingly, it is frequently stated as the general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it. Mere general, broad, and seemingly all inclusive language in the indemnifying agreement has been said not to be sufficient to impose liability for the indemnitee's own negligence.

Id. at 474 (quoting with approval 41 Am. Jur. 2d Indemnity § 13); see also Wajtasiak v. Morgan County, 633 S.W.2d 488, 490 (Tenn. Ct. App. 1982) (quoting same).

In Crum v. Colman-Cocker Textile Machinery Co., 467 F. Supp. 6 (E.D. Tenn. 1978), the defendant Colman-Cocker brought a third-party action against Formex, seeking indemnification for Colman's Cocker's own negligence on the basis of an express contractual agreement between the parties. The contract specifically provided as follows:

> The Purchaser (Formex) will indemnify and hold harmless the Company (Colman-Cocker) against and from any and all claims for death, personal injury or property damage arising out of or in any way connected with the delivery, installation or operation of the Equipment.
> \* \* \*
> Technical supervision is undertaken only upon the consideration herein stated that the Buyer (Formex) indemnifies and holds the

3

> Seller harmless from all claims for personal injury, including death or property damage.

Id. at 8 n.1. The Court found the indemnification clause of the contract unenforceable, stating as follows:

> The language relied upon by Colman-Cocker as the basis of its third-party claim against Formex is general, broad, and seemingly all inclusive. It is not expressly clear and unequivocal in its terms, and as the magistrate found, some other meanings can be ascribed to such language. As the magistrate pointed out in his recommendation, it is not clear from the language used that the parties contemplated that Formex would indemnify Colman-Cocker for the negligence of the latter's employees during the installation and technical supervision of the machine involved. It is even less clear that these parties agreed that Formex would indemnify Colman-Cocker for claims arising some 4 years after the installation for Colman-Cocker's own negligence in designing and manufacturing this machine. Had these parties intended that Formex would indemnify Colman-Cocker for its own acts and omissions, as alleged herein, they could have easily so provided in a manner sufficient under the Tennessee law. They simply did not do so.

Id. at 7-8 (citations and footnote omitted).

The Court finds the reasoning of Crum applicable in this case. The subject contractual provision is "general, broad, and seemingly all inclusive" and fails to "express[] in clear and unequivocal terms" an intent to require Activated to indemnify Progressive against Progressive's own negligent conduct. See Kellogg, 496 S.W.2d at 474. Indeed, the language in the indemnification clause in this case is much broader than that in Crum, where the indemnity agreement was at least limited to injuries and damages "arising out of or connected with the delivery, installation or operation of the Equipment." Interestingly, Progressive's motion to bring in Activated as a third-party defendant [Doc. 19] used almost identical language in averring that the indemnity provision obligated Activated to indemnify Progressive for losses and damages "arising

4

out of or in connection with the equipment in issue" [Doc. 19 ¶2]. However, such language does not appear in the Terms and Conditions of Sale at issue in this case.[1] Rather, the language is so broad and inclusive that it is susceptible of being construed to include indemnification for any injuries or damages arising out of or in connection with any equipment sold by Progressive, to any buyer, in any location, at any time. In fact, the "any and all" language coupled with the "however caused" language, as applicable to unlimited "persons," could be construed to obligate Activated for any legal claims of any nature made against Progressive, including claims totally unrelated to the equipment at all (e.g., employment or discrimination suits, worker's compensation claims, etc.). Such "general, broad and seemingly all inclusive language" could likewise include within its breadth claims for losses, injuries or damages resulting from Progressive's own negligence or fault. However, because it is not clear from the broad and inclusive language used in this indemnity clause that the parties contemplated or clearly intended that Activated would indemnify Progressive for Progressive's negligence or fault during the installation of the equipment, let alone indemnify Progressive for claims arising a year after installation due to Progressive's own negligence or fault in the design or manufacture of the equipment, and because other meanings could be ascribed to such language, such clause is not sufficient to impose liability on Activated for Progressive's own culpable conduct. Accordingly, the Court finds that Activated is entitled to summary judgment.

---

[1] The Court further notes that the indemnification clause is actually contained in (even arguably "stuck in" at the end of) the section entitled "Warranties." The ambiguity created by its placement is surpassed only by the internal ambiguity that this section creates by purporting to warrant the equipment and providing for Progressive's limited liability only to be followed by the indemnity provision ostensibly obligating Activated for any losses and liabilities "however caused."

5

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment Filed on Behalf of Activated Metals and Chemicals, Inc. [Doc. 55] is **GRANTED**.

**ORDER TO FOLLOW.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

6

Case 3:03-cv-00498   Document 89   Filed 05/06/05   Page 6 of 6   PageID #: 64